BOYLE, WEST & HARDY, Appellants, vs. SKINNER, Respondent.

1. The new practice (except the 25th article) is not applicable to the proceedings in causes taken from justices of the peace.
2. When a note is payable to J. A. H., and there is a firm composed of J. A. H. and others, doing business under the style of J. A. H., but no evidence is offered to show to whom or on what account the note is given, it will be presumed to have been given to J. A. H. individually.

*Appeal from St. Louis Law Commissioner's Court.*

*N. Holmes*, for appellants. 1. "James A. Hardy" being found to be a firm composed of the plaintiffs, no assignment by James A. Hardy, as an individual, was necessary in order to vest the title to the note in the plaintiffs. 2. The plaintiffs are entitled to judgment in this court.

*J. W. Skinner*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

This action commenced before a justice of the peace, and of course there are no pleadings in the record. The note filed with the justice, at the commencement, is a negotiable note, made by Skinner, payable to the order of James A. Hardy. The ground upon which the three plaintiffs sue is, that they composed a firm, doing business under the style of James A. Hardy, but there is no such allegation by pleading. When the case was taken to the court of the law commissioner, by appeal from the justice, it was submitted to him without a jury, and he, regarding the case as one governed by the code of practice, found the facts and pronounced the law thereon. He found that the defendant made the note payable to James A. Hardy; that the plaintiffs composed the firm of James A. Hardy at the time the note was made, and that there was no assignment or indorsement on the note. Upon the facts thus found, he de-

Boyle *v.* Skinner.

clared the law to be that, on this note, the legal owner should sue in his own name, and that the legal title to the note appears on its face to be in James A. Hardy. There were no instructions asked, or declarations of law requested by either party upon any point arising upon the evidence, nor is there any statement of the evidence in any bill of exceptions. The case is brought here because it is supposed the law commissioner erred in declaring the law upon the facts found to be that the suit should be in the name of James A. Hardy.

1. It is proper here to state the views we entertain in relation to the practice to be pursued in cases taken by appeal from a justice of the peace. The 6th section of article 30 of the code provides, in these words : '' Nor shall this act, except the 25th article, apply to proceedings or actions before justices of the peace.'' An appeal from a justice of the peace takes the case up to the appellate tribunal just as it stood before the justice, and the trial there is upon the whole merits as it was below. It is the same action that was before the justice. The code is not to be used on the trial of such case, on appeal, except the 25th article, which establishes rules of evidence. This view is founded entirely upon the language of the 6th section of the 30th article of the code. The proceedings in the court trying a case brought by appeal from a justice of the peace, will therefore be according to the old practice before the code was adopted.

2. In the present case the practice just indicated as the correct practice, not having been pursued, we might dispose of the case without determining the question raised by the finding of the court below, but it is presented in a form in which it may be decided without difficulty. The note was made payable to James A. Hardy. A firm existed at the time, doing business in the name of James A. Hardy. No evidence is given to show to whom or on what account the note was given. The question upon these facts is, to whom shall the note be presumed to have been given ? The law commissioner says to James A. Hardy, individually. We approve the conclusion of

the law commissioner. *United States* v. *Binney*, 5 Mason's Rep. 183. *Etheridge* v. *Binney*, 9 Pick. Rep. 274. The judgment is, with the concurrence of the other judges, affirmed.