POMEROY & DURKEE, Respondents, *vs.* COONS, Appellant.

1. A firm composed of C. & G., and doing business under that style, was succeeded by another firm styled C., G. & Co , composed of C., G. and a son of C., which again was succeeded by a third firm of the same style as the first, but composed of C.'s son and G. During the existence of the last firm, a note was by G. given in its name to a party who had dealt with the first firm, and was without notice of its dissolution. *Held,* this was *prima facie* the note of the firm existing when it was given, and so not binding upon C., the member of the first firm of the same style. But if it was in fact given on account of that firm to a customer without notice, C. would be bound.

*Appeal from St. Louis Court of Common Pleas.*

The case is sufficiently stated in the opinion of the court.

*Shepley,* for appellant. The general principle that the liability of a retiring partner, as to parties who have previously dealt with the firm, continues until notice to them of the retirement, is only applicable when there is no change in the partnership name, so that every thing appears to go on as before. (Story on Partnership, 246-7-8. Collyer on Part. 483.) When there is a change in the style of the firm, this of itself is a sufficient notice. The style of the firm having once been changed, the members of the first firm cannot be made liable for the debts of a new firm afterwards formed by other parties, of the same style as the first, merely because of the similarity of names. The link having once been broken by the formation of the firm of Coons, Gallaher & Co., the plaintiffs, with or without knowledge of that fact, as to all subsequent transactions, stood just as if no firm of Coons & Gallaher had previously existed.

*Krum & Harding* and *A. M. Gardner,* for respondents. It appears that the respondents had dealings with the firm of Coons & Gallaher, while Mrs. Coons was a member of that firm, and does not appear that they had any dealings with the firm of Coons, Gallaher & Co., or ever had any notice of its existence. They had a right to believe that they were giving credit

to the first firm of Coons & Gallaher, until they had actual notice of the dissolution of that firm. (12 Barb. 27. 6 Johns. 144. 5 G. & J. 383. 5 Vermont, 149.) The formation of the firm of Coons, Gallaher & Co., however notorious, did not amount to such notice. (17 Pick. 365.) See also, 4 Barr, 205. 33 Maine, 366. 24 Vermont, 278. 8 Wend. 423.

LEONARD, Judge, delivered the opinion of the court.

The instruments here sued upon were an acceptance by Coons & Gallaher of a bill of exchange of the 15th of September, 1848, drawn by Stewart upon them, payable at four months, for $387 30, and a promissory note of the 11th July, 1848, made by Stewart payable to Coons & Gallaher for $328 70, at four months, and endorsed by them payable to the plaintiffs, and the action was against the defendant, Mrs. Coons, as a partner of the firm of Coons & Gallaher.

The proof conduced to show that there had been three mercantile partnerships in business at St. Louis in succession ; one of " Coons & Gallaher," composed of Mrs. Coons and Hugh Gallaher, from 1843 until March, 1846 ; the second, of " Coons, Gallaher & Co.," composed of Mrs. Coons, Hugh Gallaher and B. F. Coons, from March, 1846, to March, 1847, and the third of " Coons & Gallaher," composed of B. F. Coons and Hugh Gallaher, from March, 1847, until the same time in 1849.

The question upon the trial being whether the defendant was liable upon these instruments, the substance of the instructions was, that if Mrs. Coons was originally a member of the first firm, during which time the plaintiffs had dealings with it, and Gallaher endorsed the note and accepted the bill in the name of Coons & Gallaher, the defendant is liable, unless she had previously withdrawn from the firm and given notice to the plaintiffs, or they otherwise had notice of the fact.

This direction cannot be sustained, and the cause must go back for a new trial.

1. In order to come to a proper understanding of this matter, and avoid the confusion that seems to be incident to it, let us first consider which of these two firms, doing business under the same name of Coons & Gallaher, was *prima facie* liable upon the paper, without any reference to the character of the creditor as a former customer of the first firm.

Although a partnership is not a civil person, like a corporation, yet it has this in common with an incorporated company, that, as the members of such a company transact their business in the corporate name, so the members of a partnership transact their partnership business in some name they assume for that purpose; and when a note is drawn in the partnership name by any one authorized to act for the firm, the partnership, or in other words, each member of this voluntary society is bound. In *Boyle* v. *Skinner*, (19 Mo. Rep. 83,) the note was payable to James A. Hardy, and there was a partnership composed of Hardy and two other persons, doing business under the style of James A. Hardy, and the court held that, in the absence of proof to show to whom or upon what account the note was given, the presumption was, that it was given to Hardy individually and not to the partnership acting under that name. So, here the presumption would be, in the absence of proof upon what account the note was given, that it was given in behalf of the existing partnership of Coons & Gallaher, and not of a partnership that had formerly existed and carried on business under the same style. In the instructions given, it seems to be admitted that, if the plaintiffs had been strangers instead of customers of the first firm of Coons & Gallaher, the presumption would have been as I have indicated, and upon the same principle, we presume it will be readily admitted that, if the third partnership had assumed a different name, and the instrument sued upon had been executed in such other name, Mrs. Coons would not have been liable. But it is argued that it is otherwise in reference to a customer of the old house, who took the paper without any notice that Mrs. Coons had retired from the partnership. If Mrs. Coons had retired, when her son first

came in, and the business had been continued under the same name, there would then have been such a continuation of the partnership by reason of the continuing identity of name and of some of the partners, that notes afterwards given on account of the continuing partnership would, in reference to a customer without notice, bind a retired partner, and the same consequence would have followed here, and for the same reason, if, after Mrs. Coons had retired in 1847, the remaining partners had continued the business under the old name of Coons, Gallaher & Co., and the note had been executed in that name. Here, however, there was no such continuation of the first partnership of Coons & Gallaher. The continuity between that firm and the third firm of Coons & Gallaher, composed of the son and former partner, was interrupted by the interposition of the second firm of Coons, Gallaher & Co., and a note given on account of this new firm does not bind, as such, a partner of the first firm; nor does a presumption arise even in favor of a former customer taking such a note, that it was given on account of that firm. It was not in the power of Mrs. Coons to prevent her son and Mr. Gallaher from doing their partnership business in their own names of Coons & Gallaher, nor was there any thing improper in it on their part. Assuming that the instruments were executed by Gallaher on account of the existing firm of Coons & Gallaher, it was the plaintiffs' misfortune, if misled by the identity of name, they took the paper under the impression that it was the paper of the old firm of Coons & Gallaher; but it proceeded from their own negligence, when there was a new existing firm of that name, which was not a mere continuation of the former firm, that they took it without first ascertaining on account of which firm it was given.

If the paper were in fact given by Gallaher on account of the first firm, then Mrs. Coons is liable, if the plaintiffs had been customers of the firm, and took it without notice that she had ceased to be a partner. Each partner is placed over the business of the firm—"*præpositus negotiis societatis*"—and as such has implied authority, in these commercial partnerships, to

bind the firm for paper of this character, and although the partnership is in fact dissolved, this implie l power continues to exist, in reference to customers of the house, who have no notice of the dissolution ; and therefore a note afterwards drawn by a partner, on account of the firm, binds all the partners in favor of such person ; but this leaves untouched the question upon account of what partnership the note was given, for, although the partners have still the authority to bind the firm, yet the firm is not bound unless the authority is exercised ; and it cannot be said to be exercised, when the note is in fact given on account of a different partnership. If the third firm could be considered as a mere continuation of the first firm, so that a note executed upon account of that firm might be considered as executed on account of the same firm, of which the defendant was a member, then the difficulty we have suggested is obviated ; and the defendant is clearly liable under the circumstances indicated, and it is, we presume, upon this idea that the court below proceeded.

But we do not consider the third firm, if it were in truth a partnership between Benjamin F. Coons and Gallaher, under the style of Coons & Gallaher, as a continuation of the first firm, in such a sense as to render a note executed on account of that firm binding upon the first firm in favor of a former customer without notice.

The general doctrine no doubt is, that the partnership still continues liable, notwithstanding the dissolution, in favor of a customer who takes without notice a note executed in the name and on account of the firm ; and when a partner retires, and the business is continued under the same style, the continuing partnership is considered the same partnership within this rule, so far at least that a note, executed on account of this continuing partnership, binds the retired partner in favor of a customer without notice. But the cases have not gone the length of declaring that when this continuity has been broken up by the establishment of a new partnership, composed, in part, of other persons and under a new name, that upon the retiring of a

partner from this second firm, who was a member of the first firm, and the establishment of a third partnership under the name of the first, and composed, in part, of members of the first firm, it shall be considered the same partnership, so that a note executed on account of it shall bind the first firm, and we shall not extend the rule to such a case. We repeat, if the instruments were, in fact, executed by Gallaher, on account of the first firm, Mrs. Coons is, of course, bound under the circumstances suggested in the instruction; but we think she is not bound if they were executed on account of the existing firm of Coons & Gallaher, and the continuity of that firm with the first firm of the same name, had been interrupted by an intervening firm, composed, in part, of different persons and doing business under a different name.

The consequence is, the judgment must be reversed, in order that the cause may be re-tried under this view of the law applicable to the case; and the other judges concurring, it is accordingly reversed and remanded.

NOTE.—A motion for a rehearing of the above cause was overruled. The point insisted upon was, that it did not appear that the respondents ever had any notice of the existence of the firm of Coons, Gallaher & Co.