IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### OCTOBER TERM, 1871, AT LOUIS.

---

G. W. DREYER, Appellant, *v.* ENNO SANDER *et al.*, Respondents.

1. *Partnership — Individual liability — Partnership articles.* — The articles of partnership of A. & Co. provided that A. should be the financier of the firm and should provide funds for carrying on the business, but should be obliged to use his *individual* name alone for the purpose of procuring money by notes or otherwise, and should be *individually* liable for all debts contracted in that way, and for all loans which might occur in consequence of indorsements made for such purpose. *Held,* that said articles did not authorize A. to bind the firm by notes drawn in his own name, or to involve them as to money borrowed, except when actually embarked in its affairs.

*Appeal from St. Louis Circuit Court.*

*Hendershot & Chandler,* for appellant.

*Slayback & Haeussler,* for respondents.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff indorsed a note drawn by Enno Sander for $2,500. The note went to protest, and the plaintiff was obliged to take it up, and did so. He now seeks to reimburse himself

by a recovery against Enno Sander & *Company*, as for money paid, laid out and expended for the use and benefit of that firm. Such recovery is sought upon the ground that the note, as the plaintiff avers, was drawn, indorsed and negotiated for the firm's benefit, the plaintiff being a mere accommodation indorser. He also avers that Sander informed him at the time his indorsement was obtained that his (Sander's) individual signature bound the firm. These averments were put in issue by the answer of Sander's copartners.

There was no evidence given at the trial which had any tendency to show that Sander was authorized to bind the firm by the use of his individual name in the execution of negotiable paper, unless such evidence is found in the eighth clause of the articles of copartnership entered into between Sander and his two associates. The plaintiff put these articles in evidence. The eighth clause reads as follows:

"8. None of the partners shall indorse notes or sign bonds individually, or in the name of the firm, or lend the money of the same, or sell out his share in the business, without the consent of the other partners, except Enno Sander, who, in his capacity of financier of the concern, shall provide for funds to carry on the business, and use his own judgment in obtaining them. He shall, however, be obliged to use his *individual name* alone for the purpose of procuring money by notes or otherwise, and shall thus be *individually liable* for all the debts contracted in such manner, and likewise be *individually* responsible for all losses which may occur in consequence of such indorsements. He shall have the privilege of retiring from the partnership before its termination, on certain conditions."

Now what is the fair construction of this article? Does it empower Sander to draw notes in his own name and thereby bind the firm? I think not. The note upon the face of it was Sander's note and not the note of the firm. (See Boyle v. Skinner, 19 Mo. 82; Farmers' Bank of Missouri v. Hudgins, 41 Mo. 574; and same case, 35 Mo. 428.) The intention of the eighth clause of the partnership contract above quoted evidently was to relieve the firm from the duty and responsibility of raising funds

even for its own operations. Sander was to do that as between him and his associates, and to assume the sole responsibility of that branch of the business. He was not to use the credit of the firm in raising money either by signing paper in his own name or in the name of the firm. He was bound to use his own name and credit in raising funds, and was made " individually liable " therefor — that is, liable alone ; and was " likewise to be individually [that is, alone] responsible for all losses " which might result from his financial operations. In a word, he was to be the capitalist of the concern, and furnish the money necessary to carry on its business, and to do so without involving the firm, except as the firm-would be liable for the funds actually embarked in its affairs.

It was in evidence, and the evidence abundantly shows, that the money realized from the note in question did not go into the firm business, and that the firm had no connection with it. It was Sander's affair, and the money went to his benefit and not to the benefit of the firm. The evidence showing these facts went to disprove the averments of the petition, which affirmed an opposite condition of things. It was properly received, and the judgment will be affirmed. The other judges concur.